**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| RONA ROSEMOND ANSAH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No.: 1:16-cv-1351 |
| | ) |
| WAL-MART STORES, INC. | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM**

Defendant Wal-Mart Stores, Inc. ("Wal-Mart") hereby files this Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6)[1] for failure to state a claim upon which relief can be granted. As set forth below, the allegations contained in Plaintiff's Complaint are woefully insufficient to support any possible cause of action.

**I.      PLAINTIFF'S COMPLAINT**

Plaintiff, who is appearing *pro se*, alleges that on April 14, 2016, she took her automobile, a 2005 Chevrolet Equinox, to a Wal-Mart store located at 5883 Kingstowne Blvd. in Alexandria, Virginia, for a battery and oil change. According to Plaintiff, while she was at Defendant's store, one of Defendant's employees "harassed" and "distracted" her in order to "set Plaintiff up for theft." (Compl. at 2). Plaintiff allegedly confronted the employee and at some point complained to a store manager, who informed Plaintiff that the employee in question no longer works at the store.

---

[1] It also appears that Plaintiff's Complaint was not properly served on Defendant's registered agent, as required by Virginia Code § 8.01-301. The Complaint was served through the mail directly to Defendant. However, Defendant is not seeking to dismiss the Complaint on this ground.

Plaintiff alleges that, as a result of Defendant's employee's actions, she has suffered from "mental anguish and emotional distress resulting from an attempt to permanently damage both her reputation and career by setting her up for theft" and seeks $2 million in damages. (Compl. at 2).

## II. STANDARD FOR MOTION TO DISMISS

To survive a motion to dismiss under Rule 12(b)(6) a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face" and to "nudge[ ] [his or her] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); Fed. R. Civ. P. 12(b)(6). Although detailed factual allegations are not required, the Complaint must set forth "more than an unadorned, the defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), and may not merely state "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Instead, the Complaint must plead facts that are more than "merely consistent with" a defendant's liability; "the plaintiff [must plead] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 556).Even though Plaintiff's Complaint is held to a less stringent standard because she is appearing *pro se,* she still must present a claim for which this Court can grant relief. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978) (complaints filed by *pro se* plaintiffs must be liberally construed).

## III. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED

Even when construed as liberally as possible, Plaintiff's claims do not meet the standard required to survive a motion to dismiss under Rule 12(b)(6) and should be dismissed. As an

initial matter, as drafted, it is quite difficult for Defendant to determine what causes of action Plaintiff is alleging. The Complaint consists almost entirely of allegations of wrongdoing with no facts supporting the allegations. While it is clear that Plaintiff is a disgruntled customer, it is unclear what it is, exactly, Wal-Mart has allegedly done. Reading the Complaint broadly, it appears that Plaintiff has alleged a cause of action for negligent and/or intentional infliction of emotional distress as well as, possibly, defamation and attempted conversion or trespass to chattels. All of these claims should fail.

### A. Plaintiff Has Not Sufficiently Alleged Negligent or Intentional Infliction of Emotional Distress

Plaintiff's conclusory statement that she has suffered from mental anguish and emotional distress, with no facts in support, is not sufficient to support an intentional or negligent infliction of emotional distress claim and the claim should be dismissed. To state a cause of action for intentional and or negligent infliction of emotional distress, a plaintiff must allege that: the wrongdoer's conduct is intentional or reckless; the conduct is outrageous and intolerable; the wrongful conduct and emotional distress are causally connected; and, the distress is severe." *Russo v. White*, 241 Va. 23, 26, 400 S.E.2d 160, 162 (1991), citing *Womack v. Eldridge*, 215 Va. 338, 342, 210 S.E.2d 145, 148 (1974). A plaintiff must allege that "the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. *Russo*, 241 Va. 23, 27, 400 S.E.2d at 162.

To survive a 12(b)(6) motion to dismiss a claim for intentional infliction of emotional distress under Virginia law, a Plaintiff must have alleged more than generalized facts for each of the elements of his claim. As the Court explained in *Russo v. White*:

> [E]ven on demurrer, the court is not bound by such conclusory allegations when the issue involves, as here, a mixed question of law and fact. This is not a negligence case where, according to Rule 3:16(b), an allegation of 'negligence' is sufficient without specifying the particulars. In the present claim, 'a plaintiff must allege all facts necessary to establish' the cause of action.

241 Va. at 28, 400 S.E.2d at 163, quoting *Ely v. Whitlock*, 238 Va. 670, 677, 385 S.E.2d 893, 897 (1989). Accordingly, general allegations are insufficient to support a claim for intentional infliction of emotional distress. Additionally, a claim for negligent infliction of emotional distress requires pleading "with specificity" that the plaintiff "incurred a physical injury which was the natural result of fright or shock proximately caused by the defendants' alleged negligence." *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 138, 523 S.E.2d 826, 834 (2000).

In *Russo*, the Court held that allegations that a plaintiff is "nervous, could not sleep, experienced stress and 'its physical symptoms,' withdrew from activities and was unable to concentrate at work" were not enough to support an intentional infliction of emotional distress claim. *Russo*, 241 Va. at 28, 400 S.E.2d at 163. The court noted that the plaintiff had not alleged "that she had any objective physical injury caused by the stress, that she sought medical attention, that she was confined at home or in a hospital, or that she lost income." *Id*. Thus, the court determined "that the alleged effect on the plaintiff's sensitivities is not the type of extreme emotional distress that is so severe that no reasonable person could be expected to endure it." *Id*. See also *Henderson*, 2013 U.S. Dist. LEXIS 47753, at * 31-32 ("conclusory allegations that there was injury to [Plaintiff's] health and peace of mind" are insufficient for an intentional infliction of emotional distress claim").

Plaintiff has simply alleged that she has suffered mental anguish and emotional distress from an "attempt to permanently damage both her reputation and career." (Compl. at 2). Plaintiff has not made any allegations that Defendants actions were "atrocious, and utterly intolerable in a

4

civilized society." Nor has she alleged physical injury, loss of income or the type of severe emotional distress that is required under Virginia law. Accordingly, Plaintiff's conclusory allegations are insufficient to support a claim for intentional infliction of emotional distress and her claim must be dismissed.

### B.     Plaintiff Has Not Sufficiently Alleged a Cause of Action for Defamation

Plaintiff alleges that Defendant made an "attempt to permanently damage both her reputation and career by setting her up for theft." (Compl. at 2). Read broadly, this allegation could be read to sound in defamation. Under Virginia law, defamation requires the allegations and proof of: "(1) publication; (2) of a statement that is actionable; and (3) requisite intent." *Andrews v. Virginia Union Univ.,* No. 3:07CV447, 2008 U.S. Dist. LEXIS 40001, 2008 WL 2096964, at *10 (E.D. Va. May 16, 2008) (relying on *Jordan v. Kollman*, 269 Va. 569, 575, 612 S.E.2d 203 (2005)). To be actionable, a statement must be false and defamatory. *Chapin v. Knight-Ridder, Inc.,* 993 F.2d 1087, 1092 (4th Cir. 1993). Whether a statement is actionable is a matter of law. *Id.*

To the extent that Plaintiff has asserted a defamation claim, it is based solely on her statement that someone, not identified, "attempt[ed] to permanently damage both her reputation and career by setting her up for theft." (Compl. at 2). Plaintiff has not alleged that her reputation or career were actually damaged. She also has not alleged the publication of any actionable statement. Accordingly, Plaintiff's claim for defamation should be dismissed.

### C.     Plaintiff Has Not Alleged A Cause Of Action For Conversion Or Trespass To Chattels

According to Plaintiff's Complaint, an unnamed Wal-Mart employee "set her up for theft." This allegation could possibly sound as a cause of action for attempted conversion or trespass to chattels. Even assuming that Virginia recognizes a cause of action for "attempted" conversion or

5

trespass to chattels, Plaintiff's allegations are insufficient to support such a cause of action. A trespass to chattels occurs "when one party intentionally uses or intermeddles with personal property in rightful possession of another without authorization," and "the chattel is impaired as to its condition, quality, or value." *America Online v. LCGM, Inc.,* 46 F. Supp. 2d 444, 451-52 (E.D. Va. 1998); *America Online, Inc v. IMS,* 24 F. Supp. 2d at 550 (citing *Vines v. Branch*, 244 Va. 185, 418 S.E. 2d 890, 894, 8 Va. Law Rep. 3375 (Va. 1992)). Similarly, "[a] person is liable for conversion for the wrongful exercise or assumption of authority over another's goods, depriving the owner of their possession, or any act of dominion wrongfully exerted over property in denial of, or inconsistent with, the owner's rights." *James River Mgmt. Co., Inc. v. Kehoe*, No. 3:09-cv-387, 2009 U.S. Dist. LEXIS 107847, at *22-23 (E.D. Va. 2009).

Plaintiff does not identify what, precisely, Defendant's employee attempted to steal from her although it does appear that the theft was not ultimately successful and she was not deprived of her property. Thus, Plaintiff's allegations do not support a cause of action for trespass of chattels or conversion, attempted or otherwise.

## IV. CONCLUSION

For the reasons set forth above, Defendant respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Complaint, with prejudice

## ROSEBORO WARNING

Pursuant to Local Rule 7(k), because Plaintiff is proceeding *pro se* in this matter, Defendant hereby includes with this Motion a warning consistent with the requirements of *Roseboro v. Garriso*n, 528 F.2d 309 (4th Cir. 1975) and informs the Plaintiff of the following:

(1) You are entitled to file a response opposing the motion and your response must be filed within twenty-one (21) days of the date on which this Motion to Dismiss is filed; and

(2) The Court could dismiss the action on the basis of Wal-Mart's motion if you do not file a response: and

(3) You must identify all facts stated by Wal-Mart with which you disagree and your must set forth your own version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that it is signed under penalty of perjury); and

(4) You are also entitled to file a legal brief in opposition to the one filed by Wal-Mart.

October 28, 2016    Respectfully submitted,

    /s/ John M. Murdock
John M. Murdock (VSB #26647)
BENTON POTTER & MURDOCK, P.C.
400 S. Maple Ave.
Suite 210
Falls Church, Va. 22042
Tel: 703 992-6950
Fax: 703-852-7324
jm@bpmlawyers.com
*Counsel for Defendant Wal-Mart Stores, Inc.*

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 28th day of October, 2016, the foregoing document was served by U.S. mail, postage prepaid, to:

Rona Rosemond Ansah
15461 Windsong Ln.
Dumfries, VA 22025

                                                /s/ John M. Murdock
                                                John M. Murdock