IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| RONA ROSEMOND ANSAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16CV1351 |
| | ) | |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

This matter is before the Court on the Defendant's
Motion to Dismiss for Failure to State a Claim.  [Dkt. 3.]  For
the following reasons, the Court will order Plaintiff to file a
particularized complaint.

### I. Background

This case is brought by *pro se* Plaintiff Rona Rosemond
Ansah ("Plaintiff") against Wal-Mart Stores, Inc. for events
that took place in Alexandria, Virginia.  Plaintiff alleges
that, as the result of the actions of one of Defendant's former
employees, she has suffered "mental anguish and emotional
distress."  (Compl. at 2.)

On April 14, 2016, Plaintiff took her automobile, a
2005 Chevrolet Equinox, to a Wal-Mart start located at 5883
Kingstowne Boulevard in Alexandria, Virginia, for a battery and

oil change.  According to Plaintiff's Complaint, one of
Defendant's employees "harassed" and "distracted" her in an
attempt to "set [her] up for theft." (Compl. at 2.)  Plaintiff
alleges that she confronted the employee, but the employee
"showed no sign of remorse." (*Id.*)  Plaintiff then complained
to the store manager, who explained that "the employee no longer
works with the store." (*Id.*)

Plaintiff filed suit in state court on July 19, 2016.
[*See* Dkt. 1-1.]  On October 28, 2016, Defendant filed a notice
of removal to federal court.  [Dkt. 1.]  That same day,
Defendant also filed a motion to dismiss.  [Dkt. 3.]  On
November 10, 2016, Plaintiff filed a motion asserting that
Defendant forfeited its privilege to dismiss the case.  [Dkt.
7.]  Plaintiff also filed a Motion for Default Judgment.  [Dkt.
8.]  Both motions were denied on November 15, 2016.  [Dkt. 10.]

## II.  Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the
sufficiency of a complaint; importantly, it does not resolve
contests surrounding the facts, the merits of a claim, or the
applicability of defenses." *Republican Party of N.C. v. Martin*,
980 F.2d 943, 952 (4th Cir. 1992) (citation omitted).  The
Supreme Court has stated that in order "[t]o survive a motion to
dismiss, a [c]omplaint must contain sufficient factual matter,
accepted as true, to 'state a claim to relief that is plausible

2

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the pleaded factual

content allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id.*

"Determining whether a complaint states a plausible

claim for relief [is] . . . a context-specific task that

requires the reviewing court to draw on its judicial experience

and common sense." *Iqbal*, 556 U.S. at 679 (citations omitted).

While legal conclusions can provide the framework for a

complaint, all claims must be supported by factual allegations.

*Id.* Based upon these allegations, the court must determine

whether the plaintiff's pleadings plausibly give rise to an

entitlement for relief. *Id.* Legal conclusions couched as

factual allegations are not sufficient, *Twombly*, 550 U.S. at

555, nor are "unwarranted inferences, unreasonable conclusions,

or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*,

213 F.3d 175, 180 (4th Cir. 2000). The plaintiff, however, does

not have to show a likelihood of success; rather, the complaint

must merely allege-directly or indirectly-each element of a

"viable legal theory." *Twombly*, 550 U.S. at 562-63.

At the motion to dismiss stage, the court must

construe the complaint in the light most favorable to the

plaintiff, read the complaint as a whole, and take the facts

asserted therein as true. *Iqbal*, 556 U.S. at 678. Generally, a district court does not consider extrinsic materials when evaluating a complaint under Rule 12(b)(6). It may, however, consider "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006). In addition, the court may consider documents attached to the defendant's motion to dismiss if those documents are central to the plaintiff's claim or are "sufficiently referred to in the complaint," so long as the plaintiff does not challenge their authenticity. *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006).

The Court construes the *pro se* Complaint in this case more liberally than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Further, the Court is aware that "[h]owever inartfully pleaded by a *pro se* plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief." *Thompson v. Echols*, No. 99-6304, 1999 WL 717280, at *1 (4th Cir. 1999) (citing *Cruz v. Beto*, 405 U.S. 319 (1972)). Nevertheless, while *pro se* litigants cannot "be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to

4

conjure up and decide issues never fairly presented to them."
*Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir.
1985).   Thus, even in cases involving *pro se* litigants, the
Court "cannot be expected to construct full blown claims from
sentence fragments."   *Id.* at 1278.   Further, the Court may not
construct a plaintiff's legal arguments for him or her.  *See,
e.g., Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).

### III. Analysis

Because Plaintiff is a *pro se* litigant, and dismissal
is too harsh a remedy under the circumstances, the Court directs
Plaintiff to submit a particularized amended complaint that
comports to the Federal Rules of Civil Procedure.  *See* Fed. R.
Civ. P. 8(a)(2), (d)(1).   The body of the particularized
complaint must set forth clearly, in separately numbered
paragraphs, a short statement of the facts giving rise to a
claim for relief.   Thereafter, in separately named sections,
Plaintiff must clearly identify each right that has been
violated.   She should do so with the requisite specificity, so
as to give Defendant notice of her claims.  *See Jarrell v.
Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987) (quoting *Hobson v.
Wilson*, 737 F.2d 1, 29 (D.C. Cir. 1984)).   Plaintiff must also
explain in each section why she believes that Defendant is
liable to her for the violation of any rights.   Such explanation
should reference the numbered factual paragraphs in the body of

the particularized compliant that support that assertion. Finally, Plaintiff should include a prayer for relief.

The particularized pleading will replace the prior Complaint and must stand or fall of its own accord.  In other words, Plaintiff should not reference statements made in the prior Complaint in her new pleading.  Plaintiff is warned that failure to comply with the Court's instructions may result in dismissal of her action.  *See* Fed. R. Civ. P. 41(b).

### IV.   Conclusion

For the foregoing reasons, the Court will order Plaintiff to file a more particularized Complaint.

It is hereby ORDERED that:

(1)   Plaintiff shall file a particularized amended Complaint no later than 5:00 pm on December 5, 2016;

(2)   Plaintiff's particularized amended Complaint must fulfill the following requirements:

a.   Plaintiff's particularized amended Complaint must comport with the Federal Rules of Civil Procedure;

b.   The body of the particularized amended Complaint must set forth clearly, in separately numbered paragraphs, a short

statement of the facts giving rise to claims for relief;

c.   In separately named sections, Plaintiffs must clearly identify each right violated. She should do so with the requisite specificity, so as to give Defendant notice of her claims.  Under each section, Plaintiff must also explain why Plaintiff believes Defendant is liable to her. Such explanation should reference the numbered factual paragraphs in the body of the particularized Complaint that support that allegation;

d.   The particularized amended Complaint shall include a prayer for relief;

e.   The particularized amended Complaint must stand on its own accord and may not reference statements made in the prior Complaint;

(3)   Plaintiff is warned that failure to comply with the Federal Rules of Civil Procedure or the Court's instructions may result in dismissal of her action.  *See* Fed. R. Civ. P. 41(b);

(4)   The Clerk of the Court shall forward copies of

this Order to counsel of record and Plaintiff,

*pro se.*

November 22, 2016
Alexandria, Virginia

_____
                /s/
         James C. Cacheris
UNITED STATES DISTRICT COURT JUDGE

8