```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF VIRGINIA

                          Alexandria Division

   RONA ROSEMOND ANSAH,            )
                                   )
        Plaintiff,                 )
                                   )
             v.                    )      1:16CV1351 (JCC/IVD)
                                   )
                                   )
   WAL-MART STORES, INC.,          )
                                   )
        Defendant.                 )
```

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on the Defendant's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim. [Dkt. 15.] For the following reasons, the Court will grant Defendant's motion.

### **I. Background**

This case is brought by *pro se* Plaintiff Rona Rosemond Ansah ("Plaintiff" or "Ansah") against Wal-Mart Stores, Inc. ("Defendant" or "Wal-Mart") for alleged violations of her right to be free from unlawful search and seizure, her right to privacy, and her right to self-dignity. Amend. Compl. at 6-7. These rights were allegedly violated when one of Defendant's employees "set[] her up for theft." *Id.* at 1. The following facts are taken from Plaintiff's Amended Complaint and, for the purposes of this motion, are presumed true.

1

On April 14, 2016, Plaintiff took her automobile, a 2005 Chevrolet Equinox, to a Wal-Mart start located at 5883 Kingstowne Boulevard in Alexandria, Virginia, to obtain automotive services. Amend. Compl. at 1. According to Plaintiff, she was required to wait for an hour after her vehicle was ready. *Id.* ¶ 3. While waiting, Plaintiff asked the cashier if she could purchase two additional items, a cookie and a facial cleanser, when she paid for her automotive services. *Id.* ¶ 4. The cashier confirmed that she could do so. *Id.*

When Plaintiff was finally called to the counter to check out, she alleges that the cashier's computer experienced a technical malfunction. Amend. Compl. ¶ 6. The cashier had to call a manager for assistance. *Id.* While waiting for the manager to arrive, Plaintiff left the counter to browse a display of car stereos. *Id.* ¶ 7. She alleges that she left the cookie and facial cleanser at the counter during this time. *Id.* Once the manager arrived, Plaintiff returned to the counter to sign some paperwork and pay. *Id.* ¶ 9. After doing so, Plaintiff asked the cashier for her car keys, which she alleges had not yet been returned to her. *Id.* ¶ 10. The cashier stated to Plaintiff that she had already been given her keys, which she had put in her purse. *Id.* ¶ 11. To demonstrate that this was not true, Plaintiff emptied the contents of her purse onto the counter. *Id.* No keys appeared. *Id.* ¶ 12. The cashier then

2

suggested that Plaintiff look for her keys near the car stereos. *Id.* ¶ 13.  Plaintiff alleges that, after noticing some store surveillance cameras, she asked the cashier to call store security.  *Id.*  She further alleges that the cashier responded to this request by handing Plaintiff her car keys.  *Id.*

Having obtained her keys and paid, Plaintiff began to walk out of the Wal-Mart store.  Amend. Compl. ¶ 15.  However, she realized that the cashier had not charged her for the cookie and facial cleanser.  *Id.* ¶ 15.  She discussed this oversight with the cashier.  *Id.*  It is unclear from the face of her Amended Complaint whether she ultimately paid for these items, though.

Plaintiff filed suit in state court on July 19, 2016.  [*See* Dkt. 1-1.]  On October 28, 2016, Defendant filed a notice of removal to federal court.  [Dkt. 1.]  That same day, Defendant filed its first motion to dismiss.  [Dkt. 3.]  On November 22, 2016, the Court ordered Plaintiff to file a more particularized Complaint by December 5, 2016.  [Dkt. 11.]  Plaintiff failed to do so by the deadline, filing her Amended Complaint on December 21, 2016.  [Dkt. 12.]  Defendant filed its second motion to dismiss on January 5, 2017.  [Dkt. 14.]  Plaintiff filed her response in opposition on January 24, 2017, [Dkt. 21] to which Defendant replied on January 30, 2017 [Dkt. 23].  Defendant's motion is now ripe for disposition.

## II. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Supreme Court has stated that in order "[t]o survive a motion to dismiss, a [c]omplaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citations omitted). While legal conclusions can provide the framework for a complaint, all claims must be supported by factual allegations. *Id.* Based upon these allegations, the court must determine whether the plaintiff's pleadings plausibly give rise to an entitlement for relief. *Id.* Legal conclusions couched as factual allegations are not sufficient, *Twombly*, 550 U.S. at

555, nor are "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). The plaintiff, however, does not have to show a likelihood of success; rather, the complaint must merely allege-directly or indirectly-each element of a "viable legal theory." *Twombly*, 550 U.S. at 562-63.

At the motion to dismiss stage, the court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *Iqbal*, 556 U.S. at 678. Generally, a district court does not consider extrinsic materials when evaluating a complaint under Rule 12(b)(6). It may, however, consider "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006). In addition, the court may consider documents attached to the defendant's motion to dismiss if those documents are central to the plaintiff's claim or are "sufficiently referred to in the complaint," so long as the plaintiff does not challenge their authenticity. *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006).

The Court construes the *pro se* Complaint in this case more liberally than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Further, the Court is aware

5

that "[h]owever inartfully pleaded by a pro se plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief." *Thompson v. Echols*, No. 99-6304, 1999 WL 717280, at *1 (4th Cir. 1999) (citing *Cruz v. Beto*, 405 U.S. 319 (1972)). Nevertheless, while *pro se* litigants cannot "be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985). Thus, even in cases involving *pro se* litigants, the Court "cannot be expected to construct full blown claims from sentence fragments." *Id.* at 1278. Further, the Court may not construct a plaintiff's legal arguments for him or her. *See, e.g., Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

### III. Analysis

As a preliminary matter, the Court notes that Plaintiff filed her Amended Complaint sixteen days after the deadline established by its Order entered on November 22, 2016. [*See* Dkts. 11, 12.] In her opposition, Plaintiff claims that she did not receive a copy of this Order until December 16, 2016. Opp. at 3. Even so, she waited an additional five days to file her Amended Complaint. [Dkt. 12.] The Court is

certainly sensitive to the challenges that *pro se* litigants face. However, its Order specifically cautioned Plaintiff that failure to comply could result in dismissal of her case.

Even if the Court were to excuse Plaintiff's untimeliness and consider her Amended Complaint for the purposes of Defendant's Rule 12(b)(6) motion, the Court would still be hard-pressed to find any meritorious claims. Plaintiff's Amended Complaint alleges three rights that the Wal-Mart cashier violated: (1) the right to be free from unlawful search and seizure; (2) the right to privacy; and (3) the right to self-dignity.[1] Amend. Compl. at 6-7. Both federal and Virginia state law do not recognize a cause of action for violations of such rights by private actors. *See Burdeau v. McDowell*, 256 U.S. 465, 475 (1921) ("The Fourth Amendment gives protection against unlawful searches and seizures, and . . . it applies [as a restraint upon] governmental action."); *Hayes v. KIK Custom Prods.*, No. 7:11-cv-00200, 2011 U.S. Dist. LEXIS 118943, at *4 (W.D. Va. Oct. 14, 2011) ("Virginia courts do not recognize a common law cause of action for invasion of privacy."). Because the source of Plaintiff's alleged injuries was a Wal-Mart employee (*i.e.*, a private actor), the Court finds that the facts

---

[1] Plaintiff asserts that the cashier purposefully embarrassed her in public, which "stressed her further." Amend. Compl. at 7. She also alleges that she was "unwilling [sic] turned into a criminal." The Court is unaware of any federal or state law that recognizes a right to self-dignity that is framed in this manner. The Court is also unaware of any cause of action that would allow Plaintiff to pursue relief for violation of such a right by a private actor.

7

as alleged in Plaintiff's Amended Complaint, under any favorable construction, do not state a claim upon which relief can be granted. Thus, the Court will grant Defendant's motion to dismiss.

## IV. Conclusion

For the foregoing reasons, the Court will grant Defendant's 12(b)(6) motion to dismiss. Plaintiff's case will be dismissed with prejudice.

An appropriate Order will issue.


|  | /s/ |
|---|---|
| February 7, 2017 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |